### DUSENBERRY v. LEHIGH VALLEY R. CO. et al.

(District Court, S. D. New York. April 15, 1920.)

1. **Commerce ⊙═89—When unnecessary to present claim for discrimination to Interstate Commerce Commission before suing therefor.**

   A claim against a railroad company for discrimination in the distribution of cars in violation of its own rule, is not one which requires presentation to the Interstate Commerce Commission before an action may be maintained thereon, under Interstate Commerce Act Feb. 4, 1887, c. 104, § 9 (Comp. St. § 8573), nor is such presentation necessary, when there is no shortage of cars and the reasonableness of the carrier's rule for distribution is not involved.

2. **Partnership ⊙═200—Single member of partnership may be joined as defendant with railroad company in suit for discrimination.**

   That a person jointly charged with a railroad company in an action to recover damages for unlawful discrimination, under Interstate Commerce Act Feb. 4, 1887, c. 104, § 10(4), as amended (Comp. St. § 8574 [4]), is a member of the partnership alleged to have been preferred, does not make it necessary to join the other members of the firm.

3. **Commerce ⊙═89—Complaint for discrimination held not to present question required to be submitted to Interstate Commerce Commission.**

   Where the complaint in an action against a railroad company for discrimination rests on an allegation that defendant gave rebates, not provided for in its published rates, to one shipper, and refused them to another, it presents no question requiring preliminary presentation to the Interstate Commerce Commission.

At Law. Action by Edwin B. Dusenberry against the Lehigh Valley Railroad Company and Charles Schaefer, Jr. On demurrers to complaint. Overruled.

Demurrer by both defendants to a complaint at law under the Interstate Commerce Law (Comp. St. § 8563 et seq.) for insufficiency in law. The complaint was in two counts, of which the first alleged in substance: That the corporation defendant was a railroad corporation and common carrier of passengers and freight in interstate commerce, within the act to regulate commerce of 1887 (Comp. St. § 8563 et seq.). That the plaintiff was during the years 1916 and 1917 engaged in buying, selling, and shipping hay to the state of New York from Pennsylvania, Ohio, Indiana, Maryland, Michigan, and other states. That during that period the carrier accepted certain hay for transpor-

---

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tation from a firm, Schaefer & Son, a competitor of the plaintiff, to New York from the states just mentioned. That it provided them with many thousand cars for that purpose, and carried their hay. That during that same period the carrier refused to accept hay, when requested by the plaintiff, or to transport it from the same places, or places similarly situated, whence it was transporting hay for Schaefer & Son. That at the time of so doing the carrier "had ample and sufficient cars and equipment for the transportation of hay in interstate commerce in the quantities and at the times and from the places for which transportation facilities were requested by the plaintiff." That this refusal, in conjunction with the accommodation of Schaefer & Son, was unlawful discrimination under the statute. That the foregoing acts were done at the solicitation of the individual defendant, and were procured by his payment of money to the carrier or its agents. The damages resulting from these refusals are laid generally at $115,200. That Schaefer & Son was a firm of which the individual defendant was a partner. The second count alleged that the carrier at the solicitation of the individual defendant charged the plaintiff $5 a car for shipments of hay from Townley, N. J., to New York, and charged Schaefer & Son for the same service $2 a car; further, that it allowed to Schaefer & Son a rebate for the use of lighters in New York Harbor, owned by them, and declined to allow a similar rebate to the plaintiff—all to the plaintiff's damage in the sum of $6,000.

Thomas Downs, of New York City, for plaintiff.

Henry A. Wise, of New York City, for defendant railroad company.

Herbert Goldmark, of New York City, for defendant Schaefer.

LEARNED HAND, District Judge (after stating the facts as above). The first count is based upon the violation of section 3 of the act of 1887 (Comp. St. § 8565), forbidding the giving of "undue or unreasonable preference or advantage" to one shipper over another, or upon section 10, subd. 4 (Comp. St. § 8574), forbidding unjust "discrimination." The liability of the railroad under section 3 rests upon section 8 of the act (Comp. St. § 8572), and the jurisdiction of this court upon section 9 (Comp. St. § 8573). The liability of the individual defendant must rest upon section 10, subd. 4, and also the jurisdiction of this court. Many objections have been taken to the language of both counts, but they all proceed from a narrow and verbal criticism, and under present liberal rules of interpretation they furnish no just ground for denying the plaintiff his day in court. The allegations have been summarized in the foregoing statement according to their reasonable import, and set forth enough to advise the defendants of the nature of the claims against them. If they need more information upon the details of the allegations, they must seek relief by interlocutory motions.

[1] The substance of the attack upon the first count rests under the supposed application of Morrisdale Coal Co. v. Penn. R. R. Co., 230 U. S. 304, 33 Sup. Ct. 938, 57 L. Ed. 1494, a case holding that, when the question arises inter partes of the reasonableness of the distribution of cars adopted by the carrier, there must be a preliminary application to the Interstate Commerce Commission. This case does not, however, hold that, when there has been discrimination arising from a departure by the carrier from its own rule, an action will not lie, either at common law, under local statute, or under section 9, Penn. R. R. Co. v. Puritan Coal Co., 237 U. S. 121, 35 Sup. Ct. 484, 59 L.

Ed. 867. It is only when the trial will involve the question of the reasonableness of the practice actually adopted by the carrier that recourse must be had to the commission, and its own rule is as much binding upon the carrier meanwhile as if it were a statute. This is as true after the Hepburn Act (34 Stat. 584) as before. Ill. Cent. R. R. v. Mulberry Coal Co., 238 U. S. 275, 35 Sup. Ct. 760, 59 L. Ed. 1306. And indeed the doctrine that the carrier's practice in distribution is to be the standard only applies when there is a shortage, or not in "normal" times, when there are presumptively enough to go round. Penn. R. R. Co. v. Sonman Coal Co., 242 U. S. 120, 37 Sup. Ct. 46, 61 L. Ed. 188.

[2] Now in the first count the allegation is that the carrier had ample cars for both Schaefer & Son and the plaintiff. If so, it violated section 3 and section 10, subd. 4, when it preferred Schaefer & Son and discriminated against the plaintiff. The case does not involve an inquiry into the reasonableness of any practice of the carrier, but of its departure from its general duty as such to accord all shippers equal treatment. Moreover, the liability of Schaefer is well laid under section 10, subd. 4, as a joint tort-feasor. Probably that section was unnecessary in any case. Nor was it necessary to join the other members of the firm, because, the act being a tort, Schaefer would have been equally liable, had he not been a partner at all, but only a third person, for any motive enough concerned with the firm's interest to try to secure for it an illegal preference. I do not see that it makes any difference whether the action against the carrier be considered as arising under sections 8 and 9 or under section 10, subd. 4. They overlap as respects the civil remedy accorded against the carrier. The demurrer to the first count is overruled.

[3] The second count is not for discrimination in furnishing cars, but is in two parts; one for giving different rates, and the other for giving a rebate in the form of a lighterage allowance. To take up the second part first, if the allegation was that the rebate made to Schaefer & Son was in accordance with the fixed practice of the carrier, extended to all shippers, but as to Schaefer & Son unreasonable in amount, then some preliminary application would have to be made to the Interstate Commerce Commission, among other reasons, because the question would be too intricate for trial in court. Mitchell Coal Co. v. Penn. R. R. Co., 230 U. S. 247, 33 Sup. Ct. 916, 57 L. Ed. 1472. It is not that; rather it rests on an allegation that the carrier gave a rebate to one shipper and refused any to the other. This is an unlawful discrimination of itself, and raises no question requiring any inquiry into the amount of the rebate or to any occasion for its allowance. No rebate whatever was permissible, unless part of the published rates. Penn. R. R. Co. v. International Coal Co., 230 U. S. 184, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315.

The first charge of the second count is also well laid, in alleging that the carrier gave different rates between the same points for the same goods. This is the typical case which the statute was made to reach. A question might be made under Penn. R. R. Co. v. International Coal Co., supra, whether the damages are properly laid. If the complaint

showed that the plaintiff's claim was made up of the difference between what he had paid and what Schaefer & Sons had paid, this count might be demurrable. But the plaintiff has contented himself with alleging his damages generally, as was his right in an action sounding in tort. The question must therefore await trial of the method by which his damages are computed. The demurrer to the second count is also overruled.

Demurrers overruled, with right to the defendants to plead over within 20 days.